IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
Civil Fle No.: 1:24-CV-482-UA-JEP

| | |
|---|---|
| WHATABRANDS LLC,<br><br>     Plaintiff,<br><br>v.<br><br>WHAT-A-BURGER #13, INC.,<br>WHAT-A-BURGER #13 LOCUST<br>PARTNERS, LLC,<br>WHAT-A-BURGER 13 MOBILE FOOD,<br>LLC,<br>WAB #13, LLC, and<br>ZEB BOST,<br><br>     Defendants. | **BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS** |

NOW COMES Defendants, by and through undersigned counsel and pursuant to Local Rules 7.2 and 7.3, hereby submits this Brief in Support of Defendants' Motion to Dismiss.

## STATEMENT OF THE CASE

This case is brought forth by Plaintiff, a national company with seemingly unlimited resources, in an attempt to stifle a small, family business with whom it has shared a history. In its attempt to corner the market in North Carolina, Plaintiff seeks to force the Defendants to acquiesce to every demand it makes, first by forcing some of the Defendants to enter into a Co-Existence Agreement, then by bringing forth unfounded claims that those same Defendants somehow breached that Agreement, without any allegations or evidence to

1

support those claims. Now, Plaintiff forces Defendants to spend its own resources to defend these spurious claims in federal court.

## RELEVANT FACTUAL BACKGROUND

Plaintiff's Complaint sets out certain factual allegations, which are treated as true (except those contradicted by the Complaint or documents attached thereto, or that consist merely of unwarranted inferences, unreasonable conclusions, or arguments) solely for the purpose of texting the legal sufficiency of Plaintiff's claims. (D.E. 1). Plaintiff is a national company that that since 1950 has operated under a registered trademark of WHATABURGER and currently operates over 1,000 restaurants (not in North Carolina) serving "an array of food and beverage items." (D.E. 1, ¶ 12, 15, 30). Defendants offer restaurant services in "two brick-and-mortar restaurants" and mobile food trucks in North Carolina under the name and mark What-A-Burger #13 which mark has been in use since 1969. (D.E. 1, ¶ 31, 33, 34). Plaintiff and certain of the Defendants entered into a Co-Existence Agreement with an effective date of May 19, 2023.[1] (D.E. 1, ¶ 36). Plaintiff alleges that Defendants have breached the terms of that Co-Existence Agreement and have therefore infringed upon its trademarks and opened itself up to liability on a number of other grounds, including North Carolina state law claims. (D.E. 1, ¶¶ 44–78). Defendants now move to dismiss all of Plaintiff's claims under Rule 12(b)(6) and offer this brief in support of their motion.

---

[1] The contract alleged by Plaintiff was by and between only What-A-Burger #13, Inc., What-A-Burger #13 Locust Partners, LLC, and What-A-Burger 13 Mobile Food, LLC. (D.E. 1, ¶ 10, 36). Zeb Bost and WAB #13, LLC, were not, and are not, named parties to the Co-Existence Agreement complained of by Plaintiff. (D.E. 1, ¶ 10, 36).

## STANDARD OF REVIEW

Dismissal is proper under Rule 12(b)(6) of the Federal Rules of Civil Procedure when the pleaded facts do not permit the court, using its common sense, to infer more than a mere possibility of misconduct; the complaint must show that the pleader is entitled to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). To survive, a complaint must allege facts that raise the plaintiff's "right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 Y.S. 544, 555 (2007). This "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*.

Likewise, a complaint will not survive a Rule 12(b)(6) review "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoiting *Twombly*, 550 U.S. at 557). Although the court must assume the truthfulness of the complaint's allegations, it is not obligated to legal conclusions, "unwarranted inferences, unreasonable conclusions, or arguments." *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008).

Rather, a plaintiff must plead sufficient facts to state a cause of action that is "plausible on its face." *Twombly*, 550 U.S. at 550. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the conduct alleged." *Iqbal*, 556 U.S. at 679.

3

## QUESTIONS PRESENTED

1.      Whether Plaintiff has sufficiently pleaded allegations in its Complaint for its federal claims.

      a.      Whether Plaintiff has sufficiently pleaded the necessary elements for a trademark infringement cause of action under 15 U.S.C. § 1114.

      b.      Whether Plaintiff has sufficiently pleaded factual allegations for a federal unfair competition claim under 15 U.S.C. § 1125(a).

      c.      Whether this Court should exercise supplement jurisdiction over the remaining state law claims.

2.      Whether Plaintiff has sufficiently pleaded allegations in its Complaint for its North Carolina-based claims.

      a.      Whether Plaintiff has sufficiently pleaded a cause of action for breach of contract against any named defendants.

      b.      Whether Plaintiff has pleaded sufficient factual allegations for a cause of action under the North Carolina Unfair and Deceptive Trade Practices Act and common law unfair competition.

3.      Whether Plaintiff has sufficiently pleaded any allegations to hold Zeb Bost individually liable under any legal theory.

4.      Whether Plaintiff has sufficiently pleaded any allegations to hold WAB #13, LLC, liable under any of its claims.

4

## LEGAL ARGUMENT

In considering the entirety of Defendants' Motion to Dismiss, the Court should be guided by this Court's prior decision in *Advanced Fraud Solutions, LLC v. Core Techs, Inc.*, authored by Judge Biggs, which involved substantially the same claims and procedural grounds. *Advanced Fraud Solutions, LLC v. Core Techs, Inc.*, No. 1:17-CV-01080-LCB-LPA (M.D.N.C., Sept. 29, 2018). In *Advanced Fraud Solutions*, the plaintiff, Advanced Fraud Solutions, LLC ("AFS"), brought forth seven claims against the defendant, Core Techs, Inc. ("CT"). *Id.* at *3. Specifically, AFS brought forth two claims under federal law—trademark infringement pursuant to Section 32 of the Lanham Act and unfair competition and false designation of origin pursuant to Section 43(a) of the Lanham Act—and five claims under North Carolina state law—breach of contract, unfair and deceptive trade practices, gross negligence, fraud, and tortious interference with business relations and expectancies. *Id.* at *3. CT then moved to dismiss all claims. *Id.* at *3–4.

As to the trademark infringement claim, CT argued that the plaintiff had failed to allege any facts showing "how the marks were used" or any facts "showing that [CT's] alleged use of [AFS's registered marks] created or is likely to create confusion about the source of the goods or serviced offered by [CT]." *Id.* at *7. This Court agreed, ruling that nowhere in AFS's complaint does the plaintiff "provide any facts which describe the nature of the use alleged, i.e. how, or in what context [AFS's marks] were actually used" by CT. *Id.* at *9. This Court went on to hold that even if AFS had alleged a use of the mark by CT, AFS had not pointed "to any facts that support its conclusory allegation that [CT's] use of

5

the [AFS's marks] 'created confusion' among AFS customers." *Id.* Specifically, because AFS provided "no such example from which an inference could be drawn" of CT's alleged offending conduct, the motion to dismiss AFS's trademark infringement claim was granted. *Id.* at *10–11.

CT also moved to dismiss AFS's federal unfair competition claim on similar grounds, that AFS failed to adequately plead factual support for its claim. *Id.* at *11–13. This Court agreed, concluding that AFS "failed to allege 'sufficient factual matter' to 'state a claim to relief that is plausible on its face.'" *Id.* at *17 (quoting Iqbal, 556 U.S. at 678). The Court granted CT's motion to dismiss AFS's federal unfair competition claim. *Id.* at *17–18.

Having dismissed both of the federal claims, this Court then declined to exercise supplemental jurisdiction over the remaining state law claims and dismissed each without prejudice. *Id.* at *18–20.

For the reasons more fully set forth herein, this Court should follow its prior ruling in *Advanced Fraud Solutions* and grant Defendants' Motion to Dismiss.

I.    **Plaintiff fails to state a claim under federal law.**

A.    **Plaintiff has failed to allege that there is any basis for alleged infringement of its trademarks by any of the Defendants.**

As the basis for Plaintiff's trademark infringement claim, Plaintiff argues that because Defendants have breached the Co-Existence Agreement, the agreement has terminated, and therefore the Defendants have infringed upon Plaintiff's trademarks. (D.E.

1, ¶¶ 51–60).  However, as more particularly discussed *infra*,[2] Plaintiff has failed to plead any substantive allegations as to how or what actions by Defendants have violated the Co-Existence Agreement.  Plaintiff has therefore failed to plead any basis as to why the Co-Existence Agreement between the Plaintiff and some of the named Defendants has been terminated and therefore Defendants cannot have infringed upon any of Plaintiff's trademarks by way of that termination.

Moreover, Plaintiff has failed to sufficiently plead any factual allegations that would make Plaintiff's trademark infringement claim "plausible on its face." *Twombly*, 550 U.S. at 550.  "To state a claim of trademark infringement under 15 U.S.C. § 1114, a plaintiff must allege that the defendant (1) used a mark possessed by plaintiff, (2) 'in connection with the sale, offering for sale, distribution, or advertising of any goods or services,' (3) in a manner that is 'likely to cause confusion.'" *Advanced Fraud Solutions, LLC*, 1:17CV1080, at *7 (citing 15 U.S.C. § 1114(1)(a); *Radiance Found., Inc. v. NAACP*, 786 F.3d 316, 322 (4th Cir. 2015)).  A complaint that fails to specify the nature of the alleged use "does not give defendants fair notice of the claims against them and does not show . . . that [the plaintiff] is entitled to relief." *Dow Jones & Co. v. Int'l Sec. Exch., Inc*., 451 F.3d 295, 307–08 (2d Cir. 2006).  Similarly, conclusory allegations regarding likelihood of confusion do not comply with Rule 8 and are insufficient to survive a motion to dismiss. *Hensley Mfg. v. ProPride, Inc*., 579 F.3d 603, 611 (6th Cir. 2009).  "[T]rademark infringement protects only against mistaken purchasing decisions and not against

---

[2] See Section II.A of this Brief.

confusion generally . . . . because a trademark only gives the right to prohibit the use of it so far as to protect the owner's good will against the sale of another's product <u>as his</u>." *Radiance Found., Inc. v. NAACP*, 786 F.3d 316, 324 (4th Cir. 2015) (quotations omitted) (emphasis added).

Here, Plaintiff's Complaint does not allege that any of the Defendants are using the Whataburger marks, but rather using the name and mark "What-A-Burger #13" and have been using their own mark since 1969. (D.E. 1, ¶ 31. 33). Specifically, Plaintiff alleges that it owns various marks using some variation of the non-hyphenated "Whataburger." (D.E. 1, ¶¶ 21–22; D.E. 1-2). Nowhere in the Complaint does Plaintiff indicate that any of the Defendants are using these marks. (D.E. 1). In fact, Plaintiff's Complaint is clear that the Defendants are only using the Defendants' own hyphenated "What-A-Burger #13" mark. (D.E. 1, ¶¶ 31, 33–38, 44–45, 52–60). Plaintiff also fails to plead any facts or make any allegations as to how the marks were used by Defendants and the claim therefore fails as a matter of law. *See Dow Jones*, 451 F.3d at 307–08.

Assuming *arguendo* that Plaintiff had pled the use of its mark by Defendants, Plaintiff alleges no facts showing that Defendants alleged use of Plaintiff's registered marks created or is likely to create confusion about the source of the goods or services offered by Defendants or specifically confusion that the source of the goods or services offered by Defendants is truly by Plaintiff or endorsed by Plaintiff. Plaintiff alleges only that the alleged use by Defendants "is likely to cause confusion, to cause mistake, or to deceive customers and potential customers of the parties as to some affiliation, connection,

8

or association of Defendants' business with Whataburger, or as to the origin, sponsorship, or approval of Defendants' goods or services," (D.E. 1, ¶ 55) and "indicates to the purchasing public that Defendants, their business, and their services originate with Whataburger; or are affiliated with Whataburger; or are sponsored, endorsed, or approved by Whataburger; or are otherwise related to Whataburger or its services," (D.E. 1, ¶ 56). Plaintiff fails to allege anything beyond mere formulaic recitations of "confusion" or "likelihood of confusion" which are both insufficient to support a claim for trademark infringement. *Twombly*, 550 U.S. at 555; *Hensley Mfg.*, 579 F.2d at 611. Certain Defendants' use of its own mark since 1969 which is distinctive from the Plaintiff's mark does not meet the criteria necessary to find a trademark infringement. Again, "conclusory allegations of legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *See Dow Jones*, 451 F.3d at 308.

Plaintiff's trademark infringement claim fails as a matter of law and should therefore be dismissed.

> **B.    Plaintiff's Complaint is devoid of any factual allegations as to how Defendants have engaged in conduct constituting unfair competition in violation of 15 U.S.C.§ 1125(a).**

The Lanham Act creates unfair competition causes of action for false association and false advertising. *Advanced Fraud Solutions, LLC*, 1:17CV1080, at *11. "Subsection A 'creates liability for statements as to affiliation, connection and association of goods' and is a false association or a false designation of origin claim." *Id.* at *12. Here, Plaintiff brings a claim against Defendants for unfair competition under subsection A of the

Lanham Act. (D.E. 1, ¶¶ 68–70). To state a claim for unfair competition under Subsection A, "a plaintiff must allege: (1) a defendant use[d] a designation; (2) in interstate commerce; (3) in connection with goods and services; (4) which designation is likely to cause confusion, mistake or deception as to origin, sponsorship, or approval of defendant's goods or services; and (5) plaintiff has been or is likely to be damaged by these acts." *Id.* at *13–14.

Plaintiff's Complaint, much like all other claims brought forth, is devoid of any factual allegations as to how Defendants used Plaintiffs' marks, or what actions, if any, of the Defendants infringed upon Plaintiff's marks. Instead, Plaintiff makes only conclusory allegations that Defendants have used the "What-A-Burger #13" mark: "Defendants have used and continue to use their What-A-Burger #13 Mark in connection with their food trucks in ways that were not allowed under the Agreement.: (D.E. 1, ¶ 44). Plaintiff also states, "Defendants' use of the What-A-Burger #13 Mark in connection with their food trucks in ways not allowed under the Agreement constitute one or more breaches of the Agreement." (D.E. 1, ¶ 45). Plaintiff has pointed to no single factual occurrence as an example of any of the named Defendants misusing any marks or infringing in any way upon Plaintiff's marks. Because Plaintiff has failed to offer any "sufficient factual matter" to "state a claim to relief that is plausible on its face," this Court should dismiss Plaintiff's claim for federal unfair competition. *Iqbal*, 556 U.S. at 678.

      **C.**     **The Court should decline to exercise supplemental jurisdiction over Plaintiff's state law claims.**

Because Plaintiff has failed to sufficiently plead any Lanham Act claim, either for trademark infringement or unfair competition, and such claims are the only claims involving a federal question, this Court should decline to exercise supplemental jurisdiction over Plaintiff's remaining state law claims. 28 U.S.C. § 1367(c)(3); *see Shanaghan v. Cahill*, 58 F.3d 106, 110 (4th Cir. 1995). Dismissal is particularly appropriate when claims have been dismissed early in the litigation, prior to an initial pretrial conference, entry of a scheduling order, or commencement of any discovery. *Advanced Fraud Solutions, LLC*, 1:17CV1080, at *20. Nonetheless, as discussed below, Plaintiff's state law claims also fail on the merits.

## II. Plaintiff fails to state a claim for relief under North Carolina law.

### A. Plaintiff has failed to sufficiently plead its breach of contract claim against any Defendants.

To allege breach of contract in North Carolina, Plaintiff must allege facts sufficient to prove that (1) there was a valid contract between Plaintiff and Defendant and (2) that Defendant breached the terms of that contract. *Poor v. Hill*, 138 N.C. App. 19, 26, 530 S.E.2d 838, 843 (2000).

Here, Plaintiff pleads only the existence of a contract against certain of the named defendants,[3] but fails to plead any breach of said contract by those same defendants. Specifically, Plaintiff alleges that "Signatory Defendants and Whataburger ultimately

---

[3] As previously stated, the contract alleged by Plaintiff was by and between only What-A-Burger #13, Inc., What-A-Burger #13 Locust Partners, LLC, and What-A-Burger 13 Mobile Food, LLC. (D.E. 1, ¶ 10, 36). Zeb Bost and WAB #13, LLC, were not, and are not, named parties to the Co-Existence Agreement complained of by Plaintiff. (D.E. 1, ¶ 10, 36).

11

signed a confidential coexistence agreement (the "Agreement") permitting limited uses of the What-A-Burger #13 Mark by Signatory Defendants under controlled conditions." (D.E. 1, ¶ 36). Plaintiff fails, however, to make any factual allegations as to how the "Signatory Defendants" breached the Co-Existence Agreement, stating only that "Defendants' use of the What-A-Burger #13 Mark in connection with their food trucks in ways not allowed under the Agreement constitute one or more breaches of the Agreement." (D.E. 1, ¶ 45). Plaintiff's statement that Defendants actions breached the agreement is wholly conclusory and provides no factual allegations as to what actions by Defendants constitutes a breach of the Co-Existence Agreement. At most, Plaintiff has merely alleged that "Defendants have used and continue to use their What-A-Burger #13 Mark in connection with their food trucks in ways that were not allowed under the Agreement." (D.E. 1, ¶ 44). Such a statement is equally conclusory and not entitled to deference from the Court under this Motion. We again are left asking the question what actions were undertaken by certain Defendants that were not permitted under the Co-Existence Agreement? Plaintiff's use of conclusory allegations in paragraphs 44 , 49, 56-58 are completely devoid of any examples or facts. As such, Plaintiff has failed to make any well-pleaded factual allegations that Defendants have breached any contract, and the Court should dismiss Plaintiff's claim for breach of contract under Rule 12(b)(6).

This matter is procedurally similar to *Moreno v. Universal Property Insurance Company*. *Moreno v. Universal Prop. Ins. Co.*, 3:22-CV-00238-RJC-DSC (W.D.N.C., July 11, 2022). In *Moreno*, the Plaintiff sued his insurance company for breach of contract. *Id.*

at *2–3.  The defendant moved to dismiss the case under Rule 12(b)(6), arguing that the

Plaintiff failed to adequately plead sufficient facts as to what conduct constituted a breach

by them. *Id.* at *3.  The defendant argued that the Amended Complaint filed by the Plaintiff

only contained two conclusory allegations that defendant had breached a contract with no

factual support. *Id.* at *7.  Those allegations read:

> However, Defendant, by word, conduct and deed, has refused
> to adequately pay for the benefits due for the covered loss.
> Defendant, therefore, has breached the terms of the subject
> contract of insurance by failing to pay the benefits which
> became due and owing to Plaintiff as a result of the covered
> loss.

*Id*.  The court agreed with the defendant stating, "Plaintiff does not allege any well pleaded

facts about the Defendant's 'word, conduct and deed' at issue." *Id.*  The court went on to

say, "Though Rule 8(a) [of the Federal Rules of Civil Procedure] does permit short, plain

statements of claims, the standard in *Twombly-Iqbal* mandates that Plaintiff plead plausible

factual allegations rather than the mere elements of the claim." *Id.*

 The court in *Moreno* went on to further distinguish North Carolina pleading

standards from the need *Twombly-Iqbal* standard. *Id.* at *7–9.  The court noted that while

the North Carolina Court of Appeals decisions have stated "where the complaint alleges

each of these elements, it is error to dismiss a breach of contract claim under Rule

12(b)(6)," the United States District Courts in North Carolina "appl[y] this rule narrowly

in circumstances where the complaint is appended with additional supporting documents."

*Id.* at *7–8 (citing *Woolard v. Davenport*, 601 S.E.2d. 319, 322, 166 N.C. App. 129, 134

(2004)).  Thus, because the plaintiff in *Moreno* had not appended additional supporting

documentation, they were required to plead specific factual allegations of what conduct constituted a breach. *Id.* at *9. The court specifically stated that a mere "recitation of the elements of a breach of contract claim coupled with the conclusory statement that Defendant has 'by word, conduct and deed, [ ] refused to adequately pay for the benefits due for the covered loss,' without more, does not meet the pleading requirements necessary to survive a 12(b)(6) motion to dismiss." *Id.* Accordingly, the court granted the defendant's motion to dismiss. *Id.* at *10.

Similarly here, Plaintiff includes only conclusory statements that Defendants have breached any contract and have provided no supporting factual allegations. As such, Plaintiff's mere "recitation of a breach of contract claim" without additional factual support cannot survive a motion to dismiss. *Id.* at *9. Additionally, Plaintiff has not appended any supporting documentation to its Complaint aside from its federal trademarks. (D.E. 1-2). These exhibits in no way indicate how and in what way Defendants have allegedly breached any contract with Plaintiff and this Court should grant Defendants' motion to dismiss the breach of contract claim for failure to state a claim.

### B. Plaintiff's Complaint fails to adequately state what actions of the Defendants constitute unfair or deceptive trade practices and common law unfair competition.

In order to establish a violation of North Carolina's unfair and deceptive trade practices act, "a plaintiff must show: (1) an unfair or deceptive act or practice, (2) in or affecting commerce, and (3) which proximately caused injury to plaintiffs." *Gray v. N. Carolina Ins. Underwriting Ass'n*, 352 N.C. 61, 68, 529 S.E.2d 676, 681 (2000).

14

"Traditionally at common law, including that of North Carolina, the tort of unfair competition has consisted of acts or practices by a competitor which are likely to deceive the consuming public." *Stearns v. Genrad, Inc*., 564 F. Supp. 1309, 1320 (M.D.N.C. 1983) (citing *Charcoal Steak House of Charlotte, Inc. v. Staley*, 263 N.C. 199, 139 S.E.2d 185 (1964)). "A claim for common law unfair competition is analyzed the same way as a claim for unfair or deceptive trade practices under G.S. § 75-1.1." *Cty. Of Wake PDF Elec. & Supply Co., LLC v. Jacobsen*, 2020 NCBS LEXIS 103, *26 (N.C. Sup. Ct. Wake County Sept. 9, 2020) (citing *BellSouth Corp. v. White Directory Publishers, Inc*., 42 F. Supp. 2d 598, 615 (M.D.N.C. 1999)). Thus, the analysis as to Plaintiff's insufficient pleadings is the same for each claim.

Under the North Carolina Unfair and Deceptive Trade Practices Act, an act is considered unfair when a party "engages in conduct which amounts to an inequitable assertion of its power or position," and an act is unfair or deceptive if it is "immoral, unethical, oppressive, unscrupulous, or substantially injurious to customers." *S.N.R. Mgmt. Corp. v. Danube Partners 141, LLC*, 189 N.C. App. 601, 607, 659 S.E.2d 442, 448 (2008). Here, there are no assertions by Plaintiff that Defendants used an inequitable assertion of power, and Plaintiff implicitly relies entirely on the second prong. (D.E. 1, ¶ 75). Plaintiff fails, however, to explicitly plead just how any actions of Defendants are "immoral, unethical, oppressive, unscrupulous, or substantially injurious to customers" in the context of a contractual relationship between the parties. *Id.*

Plaintiff pleads only that "Defendants' creation of a new corporate entity while negotiating the Agreement with Whataburger in an apparent attempt to circumvent the purpose and intention of the Agreements' obligation on Signatory Defendants, constitute[s] unfair or deceptive acts or practices in or affecting commerce in violation of N.C. Gen. Stat. § 75-1.1." (D.E. 1, ¶ 75). Plaintiff fails to plead any factual allegations as to why an independent company's creation constitutes an act that is "immoral, unethical, oppressive, unscrupulous, or substantially injurious to customers." *Id.* Moreover, Plaintiff fails to proffer any additional allegations as to what actions of any other Defendants constitute an unfair and deceptive trade practice or is an unfair competition. Plaintiff fails to allege in its complaint what the purpose is for the creation of a new corporate entity known as WAB #13, LLC or if it even uses the Plaintiff's mark in its business activities.

Even if Plaintiff had included sufficient allegations as to why the creation of a new entity constitutes a breach of contract, North Carolina courts have routinely held "that a mere breach of contract, even if intentional, is not sufficiently unfair or deceptive to sustain an action under N.C.G.S. § 75-1.1." *Branch Banking & Trust Co. v. Thompson*, 107 N.C. App. 53, 62, 418 S.E.2d 694, 700 (1992). As such, even if Plaintiff had pleaded enough factual support, its unfair and deceptive trade practices claim would fail as a matter of law.

Because the analysis for a common law unfair competition claim is the same as the analysis for an unfair and deceptive trade practice claim, Plaintiff's claims should be dismissed as a matter of law for failure to plead sufficient facts to meet the *Twombly-Iqbal* standards of federal court.

### III. Plaintiff has failed to establish any plausible grounds for recovery against Zeb Bost individually; Zeb Bost is not a proper party to this litigation.

It is a cornerstone of corporate law in the United States and North Carolina that shareholders of a corporation and members of a limited liability company enjoy the privileges of the doctrine of limited liability with respect to actions by the underlying entity. As stated in the North Carolina statutes, "a person who is an interest owner, manager, or other company official is not liable for the obligations of the LLC solely by reason of being an interest owner, manager, or other company official." N.C. Gen. Stat. § 57D-3-30 (2021). Put differently, "a shareholder is not responsible for the acts of a corporation." *Johnson v. Flowers Industries, Inc.*, 814 F.2d 978, 980 (4th Cir. 1987).

Here, Plaintiff attempts to hold Zeb Bost personally liable for actions allegedly carried out by the Defendant-entities—What-A-Burger #13, Inc., What-A-Burger #13 Locust Partners, LLC, What-A-Burger 13 Mobile Food, LLC, and WAB #13, LLC— simply by way of being the alleged owner and operator of the Defendant-entities. Plaintiff alleges only that "Mr. Bost owns or otherwise controls the other Defendants." (D.E. 1, ¶ 9). At no point does Plaintiff allege that Zeb Bost, in his individual capacity, has infringed upon any of Plaintiff's trademarks, nor has Plaintiff alleged that Zeb Bost is a party to the Co-Existence Agreement or otherwise engaged in unfair trade practices. Plaintiff states merely that "the Agreement was signed by Defendant Bost on behalf of Signatory Defendants," defined in the Complaint as only What-A-Burger #13, Inc., What-A-Burger #13 Locust Partners, LLC, and What-A-Burger 13 Mobile Food, LLC. (D.E. 1, ¶¶ 10, 41).

At most, Plaintiff makes only a conclusory allegation that "Defendant Bost is personally liable for the acts described herein, as he is an affiliated party to the Signatory Defendants and has actively participated in the activities, including acts constituting trademark infringement, that he has authorized and approved." (D.E. 1, ¶ 62). However, Plaintiff fails to include any factual allegations as to what actions Zeb Bost carried out in his individual capacity that would render the doctrine of limited liability inapplicable against him specifically. Plaintiff's attempts to paint Zeb Bost as an affiliated party also run contrary to corporate law and common legal sense. An "affiliated party," as the Plaintiff has called Mr. Bost, is defined by Black's Law Dictionary as "(1) a corporation that is related to another corporation by shareholdings or other means of control; a subsidiary, parent, or sibling corporation." *Affiliate*, BLACK'S LAW DICTIONARY (10th ed. 2014). By the plain meaning assigned to "affiliated party" in Black's Law Dictionary, Zeb Bost is not an affiliated party. Instead, Zeb Bost is a shareholder/member of the Defendant-entities and Plaintiff attempts to mislead the Court to believe he is an affiliated party and limited liability protections would not extend to him.

Moreover, Plaintiff has failed to indicate any reasons or provide any rationale as to why Zeb Bost should be held individually liable on any grounds of piercing the corporate veil or similar legal theory. In North Carolina, courts may "disregard the corporate form (or 'pierce the corporate veil') of a corporation where some alternate entity (whether an individual or another company) exerts complete domination over the corporation's policy, finances and business practices." *Keener Lumber Co. v. Perry*, 149 N.C. App. 19, 37, 560

18

S.E.2d 817, 829 (2002). Piercing the corporate veil is "a drastic remedy" and "should be invoked only in an extreme case where necessary to serve the ends of justice." *Dorton v. Dorton*, 77 N.C. App. 667, 672, 336 S.E.2d 415, 419 (1985). In assessing whether to pierce the corporate veil, North Carolina courts apply the instrumentality test. *Glenn v. Wagner*, 313 N.C. 450, 454, 329 S.E.2d 326, 330 (1985).

"In order to prevail under the instrumentality rule, a party must prove three elements: (1) stockholders' control of the corporation amounting to 'complete domination' with respect to the transaction at issue; (2) stockholders' use of this control to commit a wrong, or to violate a statutory or other duty in contravention of the other party's rights; and (3) this wrong or breach of duty must be the proximate cause of the injury to the other party." *State ex rel. Cooper v. Ridgeway Brands Mfg., LLC*, 362 N.C. 431, 441, 666 S.E.2d 107, 114 (2008) (*quoting Glenn*, 313 N.C. at 454, 329 S.E.2d at 330). Here, Plaintiff has failed to plead any allegations that Zeb Bost has exerted "complete domination" of the entity-Defendants, nor has Plaintiff pled that such use of the entity by Zeb Bost was in contravention of its rights. At most, Plaintiff has only pleaded that "Mr. Bost owns or otherwise controls the other Defendants." (D.E. 1, ¶ 9). Such a conclusory allegation does not meet the "complete domination" required for a piercing the corporate veil argument. Plaintiff further fails to allege any factual support for why or how Zeb Bost exerted any control over the Defendant-entities, acknowledging only that the Co-Existence Agreement "was signed by Defendant Bost on behalf of Signatory Defendants." (D.E. 1, ¶ 41).

Accordingly, because Plaintiff has failed to plead any sufficient facts to state a cause of action that is "plausible on its face" as to how Zeb Bost engaged in any actions in his individual capacity and has failed to plead any reasons why he should be personally liable for any Defendant-entity's liabilities, this Court should dismiss all claims against Zeb Bost individually. *See Twombly*, 550 U.S. at 550.

**IV.     Plaintiff fails to allege that WAB #13, LLC has infringed upon Plaintiff's trademarks, and Plaintiff admits that WAB #13, LLC, is not a party to the Co-Existence Agreement.**

Plaintiff has failed to plead any grounds for liability against WAB #13, LLC.  As stated within the Complaint, Defendant WAB #13, LLC, was, and is, not a party to the Co-Existence Agreement.[4]  Similarly to Mr. Bost, Plaintiff seeks to hold WAB #13, LLC, liable as an "affiliated party" to the Signatory Defendants. (D.E. 1, ¶ 61).  The only basis for all of Plaintiff's claims against the named Defendants is that the Co-Existence Agreement has been terminated due to a supposed breach of its terms by Defendants.[5] (D.E. 1, ¶¶ 45–53).  Because WAB #13, LLC, was not a party to the Co-Existence Agreement, it cannot have committed any breach of said agreement and Plaintiff's claim for breach of contract against WAB # 13, LLC, should therefore be dismissed.  As discussed more *supra*,[6] Plaintiff has failed to allege with any factual particularly the breach of the Co-Existence Agreement by

---

[4] The only parties to the Co-Existence Agreement, according to Plaintiff's Complaint, are What-A-Burger #13, Inc., What-A-Burger #13 Locust Partners, LLC, and What-A-Burger 13 Mobile Food, LLC, defined collectively as the "Signatory Defendants."  (D.E. 1, ¶¶ 10, 36)

[5] Note that Plaintiff routinely juxtaposes and intermixes the terms "Signatory Defendants" and "Defendants," despite the fact that Zeb Bost and WAB #13, LLC, are not parties to the Co-Existence Agreement.

[6] See Section II.A of this Brief.

any of the named Defendants and has thus failed to adequately plead the basis of its trademark infringement claim.

Plaintiff attempts to hold WAB #13, LLC, liable for the alleged breach of the Co-Existence Agreement by calling it an affiliated party. (D.E. 1, ¶¶ 40, 43). Even then, the allegation in the complaint fails to cite what section of the Co-Existence Agreement states that affiliated parties to the Signatory Defendants are bound to the terms of the Agreement. And, Plaintiff chooses not to attach a copy of the Co-Existence Agreement to its complaint even under seal. However, aside from a conclusory allegation that Zeb Bost "owns or otherwise controls the other Defendants," there are no allegations that Zeb Bost is the sole, primary shareholder or member of WAB #13, LLC, such that it would be an affiliated party to the Signatory Defendants.[7] (D.E. 1, ¶ 9). Plaintiff fails to plead that WAB #13, LLC, is an affiliated party to which liability would potentially extend under Plaintiff's statement of the terms of the Co-Existence Agreement.[8]

The only claim Plaintiff appears to bring against WAB #13, LLC, singularly and not part of the broader "Defendants", is a claim under the North Carolina Unfair and Deceptive Trade Practices Act. Plaintiff pleads, "Defendants' creation of a new corporate entity while negotiating the Agreement with Whataburger in an apparent attempt to circumvent the purpose and intention of the Agreements' obligation on Signatory Defendants, constitute[s]

---

[7] For a discussion regarding the definition of an "affiliated party," see Section III, *supra*.
[8] A further deficiency of Plaintiff's Complaint is that an "affiliated party" could be any company that common owners own or control, regardless of the type of work the company is engaged in. Under Plaintiff's implicit definition of an affiliated party, the GEICO, Duracell, and Dairy Queen would each be an affiliated party and subject to answer for the others' liabilities despite being engaged in vastly different businesses. See link to Berkshire Hathaway Sub. Companies, https://www.berkshirehathaway.com/subs/sublinks.html (last visited Aug. 13, 2024).

unfair or deceptive acts or practices in or affecting commerce in violation of N.C. Gen. Stat. § 75-1.1[9]." (D.E. 1, ¶ 75). Plaintiff, however, fails to plead just how or why the creation of a new entity, with a different name than all other named entities, would constitute an unfair or deceptive practice. Plaintiff offers only conclusory statements that somehow WAB #13, LLC, has committed unfair practices against them. Because this Court is not obligated to accept as true legal conclusions, "unwarranted inferences, unreasonable conclusions, or arguments," Plaintiff has not sufficiently pled that WAB #13, LLC, has engaged in unfair or deceptive trade practices. *Giarratano,* 521 F.3d at 302. This Court should therefore dismiss all claims against WAB #13, LLC, with prejudice.

## **CONCLUSION**

For the foregoing reasons, Defendants ask the Court to grant their Motion to Dismiss the Plaintiff's Complaint.

This the 16th day of August, 2024.

**HOWARD STALLINGS LAW FIRM**

By:  /s/ Kenneth C. Haywood
Kenneth C. Haywood (State Bar No. 19066)
Robert H. Jessup (State Bar No. 42945)
5410 Trinity Road, Suite 210
Raleigh, North Carolina 27607
Telephone: (919) 821-7700
khaywood@howardstallings.com
rjessup@howardstallings.com
*Attorneys for Defendants*

---

[9] For a more detailed statement of the required elements for an unfair and deceptive trade practices claim, see Section II.B *supra*.

22

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this day, I electronically filed the foregoing Motion to Dismiss, with the Clerk of Court using the CM/ECF system which will send notification of such filing to Plaintiff's Counsel:

Kevin G. Williams
Carson D. Schneider
Bell, Davis & Pitt
100 N. Cherry Street
Winston-Salem, NC  27101
kwilliams@bellsdavispitt.com
cshneider@belldavispitt.com

Wendy C. Larson
Giulio E. Yaquinto
Pirkey Barber PLLC
1801 Wast 6th Street, Suite 300
Austin, TX  78702
wlarson@pirkeybarber.com
gyaquinto@pirkeybarber.com

   This the 16th day of August, 2024.

        **HOWARD STALLINGS LAW FIRM**


     By: <u>/s/ Kenneth C. Haywood</u>
       Kenneth C. Haywood
       Attorneys for Defendants

## CERTIFICATE OF WORD COUNT

    I certify that this Memorandum complies with the word count limit set forth in Local Civil Rule 7.3(d). The number of words in this Memorandum, exclusive of the caption, this certificate, and the certificate of service, does not exceed 6,250 words, according to the word processing function of the word processing software used to prepare this Memorandum.

    This the 16th day of August, 2024.

**HOWARD STALLINGS LAW FIRM**

By:   /s/ Kenneth C. Haywood
       Kenneth C. Haywood
       Attorneys for Defendants